[Civ. No. 3557. First Appellate District, Division One.—November 22, 1920.]

JAMES BRAGA, Respondent, v. JOE PONTE, Appellant.

[1] MALICIOUS PROSECUTION—STATEMENT OF FACTS TO COUNSEL—CON- FLICT OF EVIDENCE—FINDINGS—APPEAL.—Where in an action for malicious prosecution the evidence was sufficiently in conflict with reference to the defendant's statement of the facts of the case on which the prosecution was based to his counsel and to the dep- uty district attorney to justify the jury in finding that such state- ment was not such a fair and full statement of all the facts of the case as would relieve defendant from liability in event of a dismissal of the charge, the finding will not be disturbed on ap- peal.

[2] ID.—REBUTTAL OF MALICE—INSTRUCTION.—The defendant was not injured in such action by the failure to give a requested instruc- tion that, if he before the commencement of the criminal pros- ecution communicated to the district attorney all material facts affecting the question of guilt which were known to him, and he then acted upon the advice of such official, the presumption of malice was rebutted, where given instructions sufficiently and cor- rectly stated the law upon the subject.

APPEAL from a judgment of the Superior Court of Fresno County. H. Z. Austin, Judge. Affirmed.

The facts are stated in the opinion of the court.

Thos. F. Lopez and Frank Kauke for Appellant.

J. O. Traber for Respondent.

RICHARDS, J.—This action was commenced by the plaintiff to recover damages for malicious prosecution. The facts of the case were, briefly, these: The plaintiff, in February, 1918, sold to one Joe T. Silva, certain personal property, consisting of cows, horses, harness, a derrick, some milk cans, and fifteen tons of hay, executing to the latter a bill of sale of said property, and delivering the same to him, and taking back a mortgage upon such of said personal property as was mortgageable to secure the payment of the purchase price thereof, which was to be made at the rate of fifty dollars monthly on the fifteenth day of March, 1918, and continuing with interest, until the whole amount was paid. Silva took the property in question, with some further personal property of his own, to the premises of the defendant herein, leaving the same in the latter's custody. A few months went by, when Silva, finding himself unable to keep up his payments, practically gave up his contract and went away to parts unknown. Before going he told the defendant to tell the plaintiff to come and get his property, and this information the defendant conveyed to the plaintiff, who acted upon it and went over to the premises of the defendant to get said personal property. When he arrived there the defendant was not at home, but came before plaintiff went away. In taking said property it appears that the plaintiff also took away certain small articles, such as a carpenter's level, a hammer and staples, a washtub and kettles, a set of harness, and a hay derrick, which had not been included in his contract. The defendant, after making some effort to have these articles returned to him, went to see an attorney named Lopez, who, after hearing his story, advised that the matter be placed before the district attorney; whereupon the defendant and his attorney went to the office of the district attorney and there saw one of the deputies, to whom he made some statement as to the facts of the case, and upon said statement was advised that he should swear to a complaint charging the plaintiff with the commission of grand larceny. He thereupon made such complaint, charging the plaintiff with having stolen the aforementioned articles which were not covered by his contract with Silva, and which were alleged

in said complaint to be of the value of sixty dollars. The plaintiff was arrested, but upon his preliminary examination before the magistrate was discharged. He thereupon commenced this action against the defendant for malicious prosecution.

The main defense pleaded and attempted to be proven on the part of the defendant was that in causing the arrest of the plaintiff upon said charge he had acted without malice and upon the advice not only of his personal attorney, Mr. Lopez, but also upon the advice of the deputy district attorney after he had made to the latter a full and fair statement of the facts of the case, and upon such statement had been advised to make and prosecute said charge. Upon the trial of the cause the plaintiff relied not only upon the facts as narrated by him concerning the taking of the property in question from the premises of the defendant, but also upon the fact that he had been discharged by the committing magistrate. The defendant in his own behalf offered evidence tending to show that prior to making the arrest he had consulted his own attorney, and had stated to him all the facts of the case, and had also and upon his advice consulted the deputy district attorney of the county, and had made to him a full and fair statement of the facts in the case. Upon the submission of the cause the trial court gave certain instructions to the jury relative to the plaintiff's proofs and the defendant's aforesaid defenses. The jury retired, and presently returned a verdict in the plaintiff's favor for the sum of $750 damages, for which judgment was presently entered, and it is from such judgment that the defendant prosecutes this appeal.

[1] The appellant makes two main contentions upon this appeal. The first of these is that the uncontradicted evidence in the case shows that before making the complaint charging the plaintiff with grand larceny the defendant in this case fully and fairly stated all of the facts of the case to his own attorney and also to the district attorney, and upon such statement was advised to make said complaint. As to this contention we are satisfied that the evidence was sufficiently in conflict with reference to the defendant's statement of the facts of the case to his counsel and to the deputy district attorney to justify the jury in finding that the statement which the defendant made to

his attorney and to the district attorney prior to the filing of said complaint was not such a fair and full statement of all of the facts of the case as would suffice to relieve defendant from liability in the event of a dismissal of said charge. The evidence in the case shows that the defendant both spoke and understood the English language indifferently, and that in making whatever statement he did make to his attorney and to the deputy district attorney he failed —possibly for this reason—to make that full disclosure of the facts of the case which he should have done and, it may be, would have done had he understood and spoken the English language better. Further than this, it appears that upon his statement of the case to his personal attorney he was not advised by him to make a criminal complaint against the plaintiff herein, but was advised to see the district attorney. Furthermore, it appears that Mr. Lopez did not appear as a witness in the case to testify that the defendant's statement to him was such a full and fair disclosure of all of the facts in the case as would have relieved the defendant of liability. The testimony given by the deputy district attorney, when tested by the plaintiff's cross-examination, brought forth a number of details affecting the merits of the case which were not conveyed to that official at the time his advice was sought. Evidently the jury did not believe that the defendant had made such a full and fair disclosure of the facts attending the taking of the property in question from the defendant's premises as would suffice to protect him against an action for malicious prosecution. The finding of the jury in that regard will not, therefore, be disturbed upon appeal.

[2] The defendant's next contention is that the trial court was in error in refusing to give the following specific instruction requested by him: "I instruct you that if the defendant before he commenced criminal prosecution against the plaintiff communicated to the district attorney all the material facts affecting the question of the guilt of the plaintiff about to be accused which were known to him, or of which he had notice, and he then acted upon the advice of the district attorney, the presumption of malice is rebutted and this action against him for malicious prosecution has failed, and you should find for the defendant." We are of the opinion that the defendant was not injured

by the failure of the trial court to give the specific instruction which he requested, for the reason that the instructions which the court did in fact give sufficiently and correctly stated the law upon the subject, and in doing so gave to the defendant the full benefit of any advantage or protection to which he would otherwise be entitled growing out of the fact that he consulted both a deputy district attorney and his own private counsel prior to making said criminal charge against the plaintiff. Under the instructions which the court gave, had the jury determined that the defendant had made a full and fair disclosure of the facts of the case either to his own counsel or to the deputy district attorney, their verdict would have been in his favor, and he cannot therefore be said to have been injured by the refusal of the court to give the instruction in the more limited form requested by him.

As to the other strictures which the appellant makes upon the court's instructions, we do not find them of sufficient merit to require particular comment. The instructions of the court upon the whole informed the jury quite fully and very fairly as to the law relating to actions for malicious prosecution.

Finding no error in the record before us the judgment is affirmed.

Kerrigan, J., and Wood, P. J., *pro tem.,* concurred.